IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       :

    v.                         :       Criminal No. DKC-08-0394

MICHAEL A. HENDERSON           :

                               :

**MEMORANDUM**

Before the court is a Motion for Reconsideration of Sentence filed by counsel on behalf of defendant Michael A. Henderson, a federal prisoner.  The motion requests the court to review its judgment and modify the sentence so that the jail time imposed by Hanover County does not add to the effective sentence imposed by this Court.  For the reasons that follow, Henderson is not entitled to relief, and the motion will be denied.

On December 8, 2008, this court sentenced Henderson to 18 months incarceration for possessing and selling stolen firearms and stealing firearms from a federally licensed firearms dealer. The conviction was not appealed.  Henderson recites that, subsequent to his federal sentence, he pled guilty to 1) breaking and entering with intent to commit an assault and battery, 2) possession of burglary tools and 3) conspiracy.  The Hanover County, Virginia Circuit Court imposed a sentence of ten years with nine years suspended on Count I, two years, all

suspended on Count II and five years, all suspended on Count III.

Defendant's argument references Section 5G1.3 of the Federal Sentencing Guidelines.  However, the avenues for reconsideration or alteration of a sentence in federal court are extremely limited.  Under 18 U.S.C. §3582(c)(2), a court may not modify a term of imprisonment once has been imposed unless statutorily prescribed exceptions apply.  Section 3582(c)(2) allows a court to modify a sentence only: 1) upon motion of the Director of the Bureau of Prisons if "extraordinary and compelling reasons" exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission.  The motion is not made by the Director of the Bureau of Prisons.  Nor does Rule 35 provide relief in this case.  Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error."  This court imposed Henderson's sentence December 9, 2008, and a challenge to the sentence is therefore untimely under this provision. Rule 35(b) provides for reduction of sentence "[u]pon the government's motion" based on a defendant's providing

"substantial assistance in investigating or prosecuting another person." The instant motion does not allege that Henderson is entitled to a sentence reduction based upon assistance provided to the government. Finally, the sentencing range has not been altered by the Sentencing Commission. Mr. Henderson merely cites to a provision of the guidelines pertaining to the imposition of sentence when the defendant is subject to an undischarged term of imprisonment. At the time of Mr. Henderson's sentencing, there was no other term of imprisonment. Apparently he has since been sentenced by another court. It was the prerogative of the second sentencing court to determine how the second sentence should run *vis á vis* the sentence imposed here.

Accordingly, this motion provides no basis on which to alter Mr. Henderson's sentence. The motion will be denied by separate order.

                                                 /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge